IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA HUNT,<br><br>        Plaintiff,<br><br>    v.<br><br>DIANE YOSHIMURA, *et al.*,<br><br>        Defendants. | Case No. 19-cv-00490-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |

On September 9, 2019, Plaintiff Patricia Hunt, proceeding pro se, filed an

application to proceed *in forma pauperis* ("IFP Application") and a civil complaint

against what appears to be three individuals.   Dkt. Nos. 1, 2.   Because the IFP

Application reflects that Hunt does not have the ability to pay the filing fee in this

case, the Court GRANTS the IFP Application.[2]   However, because the complaint is

not close to a *plain* statement of any claim Hunt may be endeavoring to bring, this

action is DISMISSED with leave to amend.

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

I.    **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.   *See* 28 U.S.C. § 1915(a)(1).   While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Hunt has made the required showing under Section 1915(a).   In the IFP Application, Dkt. No. 2, Hunt states that she does not currently receive any take-home pay and has received no other income in the last 12 months.   Further, Hunt states that she has no monthly expenses, debts, or dependents, has no money in a checking or savings account, and owns no automobile, real property, or financial instruments.   In light of these representations, Hunt's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines.   *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.   In addition, Hunt has insufficient assets to provide security.   As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.   **Screening**

The Court liberally construes the pro se complaint.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

From the outset, the Court observes that the complaint is incredibly difficult to penetrate in any sense that sheds light on the claims Hunt is attempting to bring in this action.   While, on its face, the complaint is only 17 pages in length, it is single-spaced and a dense tangle of what appear to be potentially interlocking accusations made against potentially far more individuals or entities than the three that are designated in the caption of the complaint.   Construing the complaint very liberally, it appears that Hunt is informing the Court of at least four narratives: (1) she was not paid wages owed to her by defendant Diane Yoshimura; (2) she was fired from her employment, in which she worked in some capacity at a private home, due to false accusations made against her by at least one or more of defendants Yoshimura, Jennifer Wise, and Marie Taufu[3]; (3) she was not provided with "equal opportunity" during her employment at the private home; and (4) she has not been provided with

---

[3]Ms. Taufu's first name is spelled both Marie and Maria and Ms. Taufu's last name is spelled at least three ways in the complaint (Taufu, Taufue, and Tafau). The Court uses the first version (i.e., the version in the caption), Marie Taufu.

various records she requested under freedom of information act laws, with the records appearing to potentially relate to the false accusations mentioned above.

While the Court may be able to discern the foregoing allegations from the complaint, it is entirely less clear what claim (or claims) Hunt is attempting to bring with respect to those allegations.   This is in no small part due to the fact that the complaint is an uninterrupted stream of the foregoing allegations, with no attempt made to differentiate or even set forth distinct claims.   Put simply, there is nothing plain about the claims Hunt is attempting to bring in this case, which warrants dismissal of the complaint.   *See* Fed.R.Civ.P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief….").   That being said, although this pleading deficiency will need to be corrected in any amended complaint Hunt may file, because it is arguably correctable, the Court will allow Hunt leave to amend the complaint.

Another principal concern is the nebulous jurisdictional basis for any claim that Hunt may be attempting to bring in this Court.   While the complaint both references federal statutes and "$75,000," respectively, it is far from clear how any of the allegations are applicable to a federal statute or, alternatively, how diversity jurisdiction exists in this case.   With respect to the latter, while the Complaint appears to allege that some of the events may have occurred in California, it is far from clear–because it is not stated in the complaint–that any of the named

defendants live in a State different to Hunt's, which appears to be Hawai'i.   To be clear, if *any one* of the defendants is a citizen of the same State as Hunt, then this case cannot be brought before this Court solely on the basis of diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that diversity must be *complete*, which requires the plaintiff to "be a citizen of a different state than each of the defendants.").   As such, in any amended complaint, Hunt must clearly identify each defendant against whom she intends to bring suit and must also allege (to the best of her knowledge) the State of which each defendant is a citizen.

One further principal concern appears in the "Prayer for Relief" section of the complaint.   Therein, Hunt states that the "first and foremost" relief she seeks is a "face to face meeting" with individuals who are not named anywhere in the complaint and are not designated as defendants.   Put simply, the Court is aware of no legal basis by which the "face to face meeting" Hunt seeks could be provided by way of this action, irrespective of how successful (or not) Hunt may ultimately be here.

## III.   <u>Leave to Amend</u>

As mentioned, because it may arguably be possible for Hunt to allege one or more plausible claims for relief and to allege a jurisdictional basis for any such claims, the Court will allow leave to amend the complaint.   In that regard, the Court

will mail Hunt a copy of a form complaint for use in a civil pro se proceeding, such as this one.   Hunt should answer clearly and concisely **all** of the questions contained in the form complaint.   More specifically, Hunt must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Hunt's right(s); (6) what specific injury she suffered because of a defendant's conduct; and (7) what relief she seeks.

## IV.   Conclusion

Hunt's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. This action is DISMISSED with leave to amend as set forth herein.

Hunt may have until **October 18, 2019** to file an amended complaint.   **The Court cautions Hunt that failure to file an amended complaint by October 18, 2019 may result in the automatic dismissal of this action without prejudice.**

The Clerk is directed to mail Hunt a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: September 17, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge