IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE YOSHIMURA, *et al.*,<br><br>    Defendants. | Case No. 19-cv-00490-DKW-RT<br><br>**ORDER (1) DENYING AS MOOT AS-CONSTRUED MOTION FOR EXTENSION OF TIME; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |

On November 29, 2019, Plaintiff Patricia Hunt, proceeding pro se, submitted for filing an untitled document that, eventually, appears to request an extension of time for her to file an amended complaint in this case. *See* Dkt. No. 14 at 11. The Court, therefore, construes the foregoing document as a motion for extension of time ("motion"). That being said, attached to the motion is a complaint. *See* Dkt. No. 14-1. While the general gist of the attached complaint appears to be similar to the original complaint filed in this case in that both seem to be primarily premised upon some sort of conspiracy against Plaintiff, the attached complaint is also different than the original, not the least because the former is substantially longer. Therefore, the Court construes the attached complaint as Plaintiff's first amended

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

complaint ("FAC"). As such, the motion (for extension of time) is DENIED AS MOOT. In addition, having liberally construed the FAC, it is clear that Plaintiff has taken none of the Court's prior instructions into account and, at the very least, has filed another complaint that fails to satisfy Federal Rule of Civil Procedure 8(a). Accordingly, this action is again DISMISSED. Plaintiff, though, may have one last opportunity to amend her complaint so as to comply with the Federal Rules.

## **DISCUSSION**

The Court liberally construes the pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As an initial matter, the Court adopts in full the instructions provided in the September 17, 2019 Order dismissing this action with leave to amend ("September 17 Order") (Dkt. No. 4). In the FAC, Hunt has followed none of the Court's instructions in the September 17 Order. For example, in that Order, the Court instructed Hunt to set forth her claims in a distinct fashion, such as "Claim One," "Claim Two," etc. In the FAC, Hunt has again decided to present her allegations in the same uninterrupted stream that marked her original complaint. This is entirely unacceptable, as it is not this Court's responsibility to dissect and divine possible

claims from the words that are thrown onto a pleading.  In any further amended complaint Hunt may file, she **must** follow the instructions in the September 17 Order, as well as the ones provided herein.  Failure to do so will result in dismissal of this case.

In addition to the shortcomings identified in the September 17 Order, the Court notes the following ones in the FAC.  First, among other things, the FAC is replete with case law citations and/or quotations.  Those are entirely unnecessary to present any claims Hunt may have.  Second, because it appears to have been the premise for the motion, the Court notes that Hunt appears to believe that she must present evidence to support the allegations in her complaint.  Notably, in the motion, and in a prior request to extend the time to file an amended complaint (Dkt. No. 7), Hunt asks for further time stating that she is waiting for evidence to provide the Court.  In the motion, Hunt states that she needs more time so that she can provide "online videos of evidence" and, generally, "a lot more evidence…."  Dkt. No. 14 at 11.  So it is clear, while Hunt's allegations about what happened to her must be grounded in fact, Hunt is **not** required to present evidence to support the allegations of her complaint.  The presentation of evidence comes at a later stage of litigation (if any).  Therefore, Hunt should **not** request any more extensions of time based upon her need to collect and present evidence, as there is no such need at this time.  Third, and connected with the foregoing, it appears that, in the FAC, Hunt has

3

included evidence that she has gathered, some of which appears to be related to purported criminal proceedings against at least one of the named defendants. While Hunt may, to the extent relevant to a particular claim, summarize (in a short and plain fashion) any such evidence in her complaint, she should **not** include verbatim copies of purported evidence in any amended complaint she may file. Fourth, the Court notes that both the motion and the FAC are unsigned. Should Hunt file a further amended complaint, she **must** sign that document as well as any other documents she may file.

## LEAVE TO AMEND

As mentioned, the Court will provide Hunt one final opportunity to allege her claim(s) in a short and plain fashion that complies with the Federal Rules of Civil Procedure. In that regard, the Court will once again mail Hunt a copy of a form complaint for use in a civil pro se proceeding, such as this one.[2] Given the way that Hunt has gone about presenting her allegations in the past, neither of which use the form complaint, the Court strongly suggests that Hunt use the form complaint that will be mailed to her as an aide to presenting her facts and claims in an organized and

---

[2]The Court notes that, in the FAC, Hunt states that she was not "properly noticed by the US Federal Court until late on Nov[ember] 27, 2019 the day before the Thanksgiving holiday…." Dkt. No. 14-1 at 39. This is an entirely inaccurate depiction of the Court's attempts to provide notice to Hunt of matters in this proceeding. Notably, the address that Hunt has provided the Court: "General Delivery, Kahului, HI 96732," *see* Dkt. No. 1-4, has resulted in the Court's mailings to Hunt being returned as undeliverable, Dkt. Nos. 8, 9, 13. Put simply, if Hunt wishes to have more timely notice of proceedings in this case, she should provide the Court with an address that will result in the prompt delivery of any mailings.

clear fashion. That being said, Hunt need not use the form complaint should she choose not to. Whatever form Hunt uses to present her claim(s), however, she **must** write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Hunt's right(s); (6) what specific injury she suffered because of a defendant's conduct; and (7) what relief she seeks. In addition, Hunt **must** set forth each claim separately, such as by using "Claim One," "Claim Two," etc.

## CONCLUSION

The motion for extension of time, Dkt. No. 14, is DENIED AS MOOT. This action is DISMISSED with leave to amend as set forth herein.

Hunt may have until **January 3, 2020** to file an amended complaint that is consistent with this Order and the guidance previously offered by the Court. **The Court cautions Hunt that failure to file such an amended complaint by January 3, 2020 may result in the automatic dismissal of this action.**

The Clerk is directed to mail Hunt a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: December 3, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge