IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA HUNT,<br><br>      Plaintiff,<br><br>    v.<br><br>DIANE YOSHIMURA, *et al.*,<br><br>      Defendants. | Case No. 19-cv-00490-DKW-RT<br><br>**ORDER DISMISSING ACTION WITHOUT FURTHER LEAVE TO AMEND.**[1] |

On January 17, 2020, Plaintiff Patricia Hunt filed a second amended complaint (SAC) in this action after this Court had dismissed her two prior pleading attempts with leave to amend.[2] In the latter of those dismissals, the Court gave Plaintiff "one last opportunity" to amend her allegations so as to comply with the Federal Rules and the Court's guidance. In the SAC, Plaintiff demonstrably fails in that endeavor. As with the first amended complaint, Plaintiff has once again failed to take any of this Court's instructions into account, including the need to adequately allege a jurisdictional basis for this lawsuit. As result, having

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court notes that Plaintiff also filed a second amended complaint on January 10, 2020. Dkt. No. 21. As far as the Court can discern, the two second amended complaints appear almost (if not entirely) identical, except in one respect. The January 10 version was not signed by Plaintiff, while the January 17 version contains her signature. Accordingly, this Order addresses the signed second amended complaint – the January 17 version.

provided Plaintiff with multiple opportunities (and extensions of time) to amend her allegations, this action is DISMISSED WITHOUT FURTHER LEAVE TO AMEND.

## **PROCEDURAL BACKGROUND**

This action began on September 9, 2019 with the filing of Hunt's original complaint and an application to proceed *in forma pauperis*. Dkt. No. 1. After granting the application to proceed *in forma pauperis*, the Court dismissed the action with leave to amend on September 17, 2019. Dkt. No. 4. Among other things, the Court found that Hunt had failed to allege her claims in a plain fashion, in violation of Federal Rule of Civil Procedure 8, and, at best, the jurisdictional basis for this case was "nebulous." The Court allowed Hunt until October 18, 2019 to file an amended complaint, a date that was subsequently extended to November 29, 2019 at her request. Dkt. No. 12.

On November 29, 2019, Hunt filed an untitled document in which it appeared she was asking for additional time to file an amended complaint. Dkt. No. 14 at 11. That notwithstanding, attached to the untitled document was an amended complaint, which was substantially longer than the original. Dkt. No. 14-1. The Court construed the untitled document as a motion for extension of time, which was denied as moot, and screened the attached complaint as the first

2

amended complaint. Dkt. No. 15. In doing so, the Court, again, dismissed this action because Hunt failed to follow any of instructions set forth in the September 17, 2019 Order. Nonetheless, the Court allowed Hunt "one last opportunity" to amend her allegations in this case, providing her until January 3, 2020 to do so. *Id*.

On January 3, 2020, Hunt filed an "urgent request for motion for extension of five business days" to file her amended complaint, Dkt. No. 18, which the Court granted, extending the deadline to file until January 10, 2020, Dkt. No. 19. On January 10, 2020, Hunt filed an unsigned second amended complaint. Dkt. No. 21. On January 17, 2020, Hunt filed a second amended complaint containing a signature, Dkt. No. 24, which the Court accepts as the operative pleading for present purposes.

## **DISCUSSION**

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As with Hunt's prior complaints, the SAC fails to follow the Federal Rules of Civil Procedure and this Court's instructions, and fails to adequately allege a jurisdictional basis for this case. Focusing first on the failure to adequately allege jurisdiction, in the SAC, Hunt appears to rely upon both federal question jurisdiction, in that she cites numerous federal statutes, and diversity jurisdiction, in that she asserts that this case involves a matter in controversy exceeding $75,000. As for the latter, as the Court explained in the September 17, 2019 Order, even if this case involved a matter in controversy exceeding $75,000, that does not mean that diversity jurisdiction exists. In addition to the amount in controversy, Hunt must also allege that the parties to this action are *completely* diverse. See Dkt. No. 4 at 5 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). In other words, Hunt must allege that she is a citizen of a state different than *each* of the defendants. *Id*. Hunt fails to do this in the SAC, even though she was explicitly instructed to do so in the September 17, 2019 Order if she intended to rely on diversity jurisdiction. *See id*. Moreover, it does not appear that Hunt could allege diversity, given that the allegations of the SAC, liberally construed, reflect that at least two of the defendants (Diane Yoshimura and Jennifer Wise), and Hunt herself, are each citizens of Hawaiʻi.

With respect to federal question jurisdiction, while Hunt cites numerous federal statutes as having been allegedly violated, not one of them appears to be applicable here. First, the vast majority of the statutes to which Hunt refers are federal *criminal* statutes, none of which provide this Court with jurisdiction over this *civil* action. Only the United States may enforce those statutes, not an individual, like Hunt. Those criminal statutes aside, Hunt also cites 40 U.S.C. Section 3703 and 42 U.S.C. Sections 1983, 1985, and 1988. Section 3703, however, concerns the reporting of unpaid wages on contracts involving public works of the federal government. 40 U.S.C. § 3701(b). As such, no possible construction of the SAC, or any conceivable amendment, would appear able to bring Hunt's alleged events within the reach of that statute. As for the civil rights statutes, Sections 1983, 1985, and 1988, the former is not applicable here because the defendants in this action are private individuals, not state actors. 42 U.S.C. § 1983 (providing that every person acting under color of state law shall be liable to a person whose federal rights are injured by such action). Section 1988 does not provide substantive jurisdiction here because it is merely a remedial statute *in the event* that a plaintiff is successful under another civil rights statute. 42 U.S.C. § 1988(b) (providing that a "prevailing party" may be entitled to a reasonable

attorney's fee).[3]   Finally, Section 1985 also does not provide jurisdiction here under the alleged facts of this case.   Section 1985 prohibits, *inter alia*, conspiracies to deprive a person of equal protection or privileges of federal law.[4] 42 U.S.C. § 1985(3).   Liberally construing the SAC, nothing therein alleges a conspiracy to deprive Hunt of the equal protection or privileges of federal law. Instead, with respect to the named defendants, the SAC alleges that Yoshimura failed to pay Hunt's housekeeping-related wages, Yoshimura and Wise (and "possibly" Defendant Marie Taufe) attempted to destroy Hunt's good name,[5] Yoshimura and Wise threatened Hunt not to try collecting her unpaid wages, and Yoshimura lied to a Maui police officer.

Aside from the SAC's jurisdictional defects, the SAC, like both of its predecessors, ignores the dictates of Federal Rule of Civil Procedure 8 and the Court's prior instructions – independent reasons for dismissing this action.   The

---

[3]In addition, the Court notes that, because Hunt is proceeding pro se, she would not be entitled to an attorney's fee award, even if she prevailed.  *Gonzalez v. Kangas*, 814 F.2d 1411, 1411-12 (9th Cir. 1987) (concluding that a pro se party was not entitled to an award of attorney's fees under Section 1988).

[4]Section 1985 also prohibits conspiracies to (1) prevent a person from accepting or holding an office of the United States, and (2) obstruct justice in a United States court.   42 U.S.C. §1985(1)-(2).   No construction of the SAC remotely suggests that the foregoing conspiracies are in play here.   Notably, with respect to the latter conspiracy, although the SAC arguably alleges some form of obstruction of justice, any such obstruction concerns justice in a *state*, rather than *federal*, proceeding.

[5]As in prior iterations of the SAC, Hunt again spells Defendant Taufe's first name in at least two different ways, both Marie and Maria.   *See* Dkt. No. 4 at 3 n.3.

SAC remains an uninterrupted stream of text for its entire length with no attempt to differentiate (or set forth) distinct claims or even number the pages or paragraphs contained therein. In the September 17, 2019 Order, the Court specifically instructed Hunt to correct these pleading deficiencies. *See* Dkt. No. 4 at 3-4. Hunt, instead, has ignored that instruction. Moreover, it is simply not possible to construe the SAC (or any of the filed complaints) as containing the "short and plain" statements required by Rule 8(a). *See* Fed.R.Civ.P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief…."). Because Hunt has been provided two prior opportunities to correct the Rule 8 deficiencies with her allegations, and has failed to do so, the Court declines to provide her further leave to amend.[6]

---

[6]Buried within the SAC, Hunt requests "30 days to amend this complaint as per her numerous FOIA requests…to show the court the damages that have been done to [her]…." Dkt. No. 24 at 14. The Court will not allow any further time for Hunt to collect evidence through way of her Freedom of Information Act requests, not the least because such evidence is unnecessary at this stage in the proceedings and has little, if anything, to do with addressing the pleading deficiencies described in the Court's prior orders.

# CONCLUSION

For the reasons set forth herein, this action is DISMISSED WITHOUT FURTHER LEAVE TO AMEND. After entry of this Order, the Clerk is directed to CLOSE this case.[7]

IT IS SO ORDERED.

Dated: January 30, 2020 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*Patricia Hunt v. Diane Yoshimura, et al*; Civil No. 19-00490 DKW-RT**; ORDER DISMISSING ACTION WITHOUT FURTHER LEAVE TO AMEND**

---

[7]Finally, the Court notes that, in the SAC, Hunt requests that "this case be heard in Florida and not Hawaii" because she has witnessed "public corruption" in Maui and fears for her safety. Dkt. No. 24 at 2. The Court declines to transfer this case for those unsubstantiated reasons and because none of the alleged events or parties have *any* connection to Florida. *See* 28 U.S.C. § 1391(b) (explaining where a civil action may be brought in the district courts of the United States).